GUIDRY, J.,
dissents and assigns reasons.
_|jl respectfully dissent from the majority’s decision. I disagree with the majority’s premise that a plaintiff need not specifically or expressly reserve her rights against the insurer when she dismisses the insureds from liability, but may instead maintain her suit against the insured alone after dismissing the insureds from the case. As the appellate court reasoned, the high/low agreement contained no waiver of the insurer’s rights. Nor did the agreement envision the release of the insureds from the suit. The insurer’s intent in executing the high/low compromise was not to allow the plaintiff to proceed against it alone or otherwise waive its rights under the direct action statute; instead, the insurer, as the compromise clearly reads, intended only to cap its liability at $2,500,000.00, regardless of the jury verdict. Additionally, I agree with the lower court that the legislature could not have intended to allow a plaintiff to circumvent the direct action statute’s requirements by filing an action against the insured and the insurer and then, later, dismissing the insured. Accordingly, in my view, the plaintiffs right of action against the insured was extinguished when she dismissed the insureds without expressly reserving her rights to proceed against the insurer. In sum, I would affirm the court of appeal’s judgment reversing the district court’s ruling on the exception of no right of action.